UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC. d/b/a GM FINANCIAL, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD K. LYONS, <br><br> Defendant. | Case No.: _____ |

**COMPLAINT OF AMERICREDIT FINANCIAL SERVICES, INC. D/B/A GM FINANCIAL AGAINST RICHARD K. LYONS**

Plaintiff, AMERICREDIT FINANCIAL SERVICES, INC. D/B/A GM FINANCIAL ("GM Financial"), by and through its undersigned counsel, respectfully submits this Complaint against Richard K. Lyons ("Defendant" or "Mr. Lyons") and shows the Court as follows:

### I. PARTIES

1. Plaintiff GM Financial is a Delaware corporation with a principal place of business located at 801 Cherry Street, Suite 3500, Fort Worth, Texas 76102.

2. Defendant Richard K. Lyons ("Defendant" or "Mr. Lyons") is an individual of the legal age of majority domiciled in Thompson's Station, Tennessee. Mr. Lyons may be served with summons and process at 2651 Sporting Hill Bridge Road, Thompson's Station, Tennessee 37179.

### II. JURISDICTION AND VENUE

3. GM Financial brings this action against Defendant, Mr. Lyons, who resides in Thompson's Station, Tennessee, based on his obligations to GM Financial for providing floorplan

2524430.6

financing to a car dealership in Lewisburg, Tennessee as individual guarantor, sole shareholder, and president of the dealership. Venue in this action is therefore appropriate under 28 U.S.C. §1391.

4. Jurisdiction in this matter is founded on diversity of citizenship under 28 U.S.C. §1332. GM Financial is a Delaware corporation with its principal place of business in the state of Texas. Defendant is a citizen of or is deemed to be a citizen of the state of Tennessee. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

### III. NATURE OF ACTION

5. GM Financial seeks to enforce its rights against Mr. Lyons arising from Mr. Lyons' execution of a guaranty agreement in connection with GM Financial's floorplan financing provided to Lyons Chevrolet Buick GMC, Inc. ("Lyons Chevrolet"), as well as Mr. Lyons' responsibilities to GM Financial as sole shareholder and president of Lyons Chevrolet.

6. Mr. Lyons, individually and as the sole shareholder and president of Lyons Chevrolet, breached his agreement with GM Financial by, among other things, failing to make payments to GM Financial when due and payable under the prevailing floorplan loan documents, selling vehicles out of trust, and/or submitting false or inaccurate information to GM Financial in order to delay or avoid paying amounts due to GM Financial and/or obtain financing from GM Financial under false pretenses.

7. This action is against Mr. Lyons only (and not against Lyons Chevrolet itself, which is currently a Debtor in a Chapter 11 case pending in the United States Bankruptcy Court for the Middle District of Tennessee under Case No. 1:19-bk-06264) and seeks to hold Mr. Lyons responsible under the respective guaranty agreement for amounts due and owing under such agreement and for any other relief to which GM Financial might be rightfully entitled.

2524430.6

## IV. FACTS

1. **GM Financial provided Floorplan Financing to Lyons Chevrolet.**

    8. GM Financial entered into a floorplan financing arrangement with Lyons Chevrolet.

    9. Specifically, Lyons Chevrolet entered into a Master Loan Agreement dated December 4, 2013, by which GM Financial provided vehicle inventory financing on a revolving basis. Lyons Chevrolet and GM Financial entered into an Amended and Restated Master Loan Agreement on September 25, 2014. Pursuant to Section 2.1 of the Master Loan Agreement and the Amended and Restated Master Loan Agreement, certain terms and conditions of the agreement were set forth in an operative "Schedule 1," "as it may be changed, modified, amended or replaced" from time to time. The current Operative Schedule 1 is dated May 29, 2018 which reflects that GM Financial was providing new motor vehicle, used motor vehicle, new demonstrator, used demonstrator, and courtesy transportation vehicle financing. True and accurate copies of the Amended and Restated Master Loan Agreement, and the Operative Schedule 1 associated with the Master Loan Agreement are all attached *en globo* hereto as **Exhibit "1"** (the "MLA").

    10. Under the terms of the MLA, including specifically Section 7.1, Lyons Chevrolet granted GM Financial, for the purpose of securing the prompt and punctual payment and satisfaction of all loans extended to Lyons Chevrolet, a continuing security interest in virtually all of Lyons Chevrolet's tangible and intangible assets specifically defined in Section 1.12 of the MLA as "Collateral."

    11. GM Financial perfected its security interest in the Collateral by filing a UCC-1 financing statement on December 5, 2013, as File Number: 420804080 with the

Tennessee Secretary of State, which was continued by the filing of a UCC-3 Continuation Statement on July 3, 2018, File Number 429016177 (the "Financing Statement").

12. As evidenced by the "Certificate of Authority," Mr. Lyons was authorized, as the president of Lyons Chevrolet, to execute the MLA, and all other "notes, loan agreements, security agreements, mortgages, deeds of trust, pledge agreements, and any other agreements and related documents as may be required" by GM Financial (the "Authorization"). A copy of this Authorization is attached hereto as **Exhibit** "**2**".

13. In connection with GM Financial's floorplan financing to Lyons Chevrolet, Mr. Lyons executed a Continuing Guaranty dated December 4, 2013, "unconditionally and absolutely" guarantying the "prompt and punctual payment, when due, upon maturity, by acceleration or otherwise" of all obligations of Lyons Chevrolet to GM Financial. A copy of Lyons' Continuing Guaranty agreement is attached hereto *en globo* as **Exhibit** "**3**" (the "Guaranty").

14. GM Financial also extended credit to Lyons Chevrolet by virtue of a "Revolving Line of Credit (Promissory Note)" with a maximum principal balance available of $300,000.00, dated December 19, 2013, a copy of which is attached hereto as **Exhibit "4."**

15. Under Section 5.4 of the MLA, following the sale of each item of Lyons Chevrolet's Financed Inventory, Lyons Chevrolet was obligated to pay the Amount Financed for each item of Financed Inventory not later than five business days from the date of delivery of an item of Financed Inventory to a purchaser, (see Section 5.4 and 1.15 of the MLA and Section 3.1.1 of Schedule 1 of the MLA).

2524430.6

- 4 -
Case 3:19-cv-01045   Document 1   Filed 11/20/19   Page 4 of 14 PageID #: 4

16. Further, under Section 6.1 of the MLA, Lyons Chevrolet was required, upon receipt of proceeds of any sale of Financed Inventory, to pay to GM Financial the amount of proceeds equal to the Amount Financed. Section 6.1 of the MLA further provides:

> Once received by Borrower, such proceeds are the property of the Lender, and at all times while Borrower may hold such proceeds, Borrower shall do so in trust for, and on behalf of, Lender. Borrower and Lender intend there to be a true trust relationship between Borrower and Lender, with Borrower assuming full fiduciary duties, responsibilities, and obligations to and in favor of Lender, with regard to the Collateral proceeds. Borrower's use of the Collateral proceeds for any other purpose without first paying Lender the Amount Financed in connection with the item of Collateral shall be a breach of this Agreement and of Borrower's fiduciary duties and obligations in favor of Lender, shall constitute a prohibited conversion of Lender's Collateral, and shall be considered a sale out of trust.

17. In addition to the MLA, the Financing Statement and the Guaranty, Lyons Chevrolet executed and delivered to GM Financial several other documents and instruments, which along with the documents described above shall be referred to collectively as the "Loan Documents."

2. **Lyons Chevrolet defaults and files for Chapter 11 Bankruptcy.**

18. In April of 2019, GM Financial conducted a routine inventory audit at Lyons Chevrolet as an exercise of its due diligence as a floorplan lender to examine Lyons Chevrolet's compliance with GM Financial's loan requirements.

19. The audit determined that Lyons Chevrolet had sold a number of vehicles financed by GM Financial (items of "Financed Inventory" as defined in Section 1.21 of the MLA) for which Lyons Chevrolet had received the proceeds for the sale of those vehicles, but that Lyons Chevrolet had not delivered to GM Financial the "Amount Financed" (as defined in Section 1.5 of the MLA) for those items of Financed Inventory.

2524430.6

- 5 -
Case 3:19-cv-01045   Document 1   Filed 11/20/19   Page 5 of 14 PageID #: 5

20. The "Sold Out of Trust" ("SOT") vehicles caused GM Financial to declare the MLA to be in default and GM Financial made demand for the payment of the floorplan balance of the vehicles sold out of trust (the "SOT Amount") by virtue of a Notice of Default letter dated April 18, 2019, a true and correct copy of which is attached hereto as **Exhibit** "**5**." The Notice of Default letter reflected that at that time GM Financial had identified ninety-six (96) vehicles that had been sold out of trust and for which the amount financed totaled $4,647,760.63.

21. A Forbearance Agreement and Voluntary Surrender was subsequently executed by Mr. Lyons, individually and on behalf of Lyons Chevrolet on May 2, 2019, which agreement gave Lyons Chevrolet up to 120 days to cure its defaults with GM Financial, but which forbearance expired on August 30, 2019 without Lyons Chevrolet's defaults being cured. A copy of the Forbearance Agreement and Voluntary Surrender is collectively attached as **Exhibit** "**6**."

22. By virtue of a September 20, 2019 letter from counsel for GM Financial, Mr. Lyons and Lyons Chevrolet were given notice of the expiration of the Forbearance Agreement, the continuing defaults thereunder, and a deadline of September 27, 2019 to remedy all remaining defaults. A true and correct copy of this letter is attached hereto as **Exhibit** "**7**".

23. On September 26, 2017, Lyons Chevrolet filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Tennessee, Case No. 1:19-bk-06264.

24. As of September 30, 2019, the total amount due by Lyons Chevrolet to GM Financial in connection with the MLA was, as follows:

| **Balance Due GM Financial** | |
|---|---|
| New Floorplan Principal Balance | $ 15,865,551.53 |
| Used Floorplan Principal Balance | $ 2,022,364.33 |
| Courtesy Vehicle Balance | $ 45,682.89 |

2524430.6

- 6 -
Case 3:19-cv-01045   Document 1   Filed 11/20/19   Page 6 of 14 PageID #: 6

| Cap Loan Principal Balance | $ 280,000.00 |
|---|---|
| Accrued Floor Plan Interest | $ 751,483.02 |
| Accrued Cap Loan Interest | $ 6,029.72 |
| Fees and Expenses | $ 85,499.62 |
| CMP Credits | $ <938,257.88> |
| **TOTAL** | **$ 18,118,353.23** |

25. As of September 30, 2019, the SOT Amount of new and used vehicles was $5,983,775.21, which total is reflected in the above principal balances; a true and correct copy of the current schedule of SOT vehicles is attached hereto as **Exhibit** "**8**"

26. Mr. Lyons is also liable for interest at the default rate; expenses and legal fees continue to accrue. Under Section 4.3 of the MLA, GM Financial is entitled to assess an additional default rate of interest of "the non-default rate of interest plus 400 basis points (the "Default Rate"). Under Section 2 of each of the Schedules attached to the MLA, Lyons Chevrolet's non-default interest rate is set at fifty basis points below the Wall Street Journal "Prime Rate," adjusted on a daily basis.

27. Under Section 21.14 of the MLA, Mr. Lyons is liable for "all of Lender's Legal Costs" which is defined in Section 1.27 as including GM Financial's "reasonable attorneys' fees, expenses, costs, including court costs . . . incurred or in connection with or arising out of the modification, enforcement, or collection of Borrower's Loan or Obligations under this Agreement or any Related Document."

28. The total amount owed as described above is collectively referred to as the "Indebtedness".

## V. COUNT ONE: CONTRACTUAL LIABILITY

29. GM Financial reiterates and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 28 above.

30. The Guaranty is a valid and enforceable contract between Mr. Lyons and GM Financial.

31. All conditions precedent to recovery under the applicable agreements have been met.

32. As a result of the defaults under the Loan Documents, Mr. Lyons owes the Indebtedness to GM Financial, plus interest which continues to accrue on the outstanding principal balance at the Default Rate, plus reasonable attorney's fees and all costs of court and expenses of collection.

33. Under Section 2.3 of the Guaranty, Mr. Lyons is "personally bound by and obligated under all of the provisions, covenants and waivers provided in the" MLA.

34. Under Sections 21.14 and 1.27 of the MLA, Lyons Chevrolet is liable for the reasonable attorneys' fees, expenses, costs, including court costs and other related disbursements of GM Financial in seeking enforcement of its rights in the Loan Documents. The Guaranty clearly obligates Mr. Lyons to also pay GM Financial's attorneys' fees and all costs incurred in connection with this matter.

35. The Guaranty clearly obligates Mr. Lyons to also pay GM Financial's attorney's fees and all costs incurred in connection with this action.

36. By this paragraph, GM Financial is providing specific notice to Mr. Lyons of its intent to seek its attorney's fees incurred in connection with the collection of all amounts due to GM Financial under the Loan Documents.

2524430.6

37. Mr. Lyons has failed to perform his obligations under the respective guaranty by not paying the Indebtedness due to GM Financial upon demand.

38. Accordingly, Mr. Lyons is in breach of the terms of that certain Guaranty.

39. By virtue of this breach, Mr. Lyons is liable for the Indebtedness to GM Financial, plus interest which continues to accrue on the outstanding principal balance at the Default Rate, plus reasonable attorney's fees and all costs of court and expenses of collection.

## VI. COUNT TWO: CONVERSION

40. GM Financial reiterates and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 39 above.

41. Under Section 2.3 of the Guaranty, Mr. Lyons is "personally bound by and obligated under all of the provisions, covenants and waivers provided in the" MLA.

42. Pursuant to the MLA, the proceeds of the sale of GM Financial's Financed Inventory was the property of GM Financial that Lyons Chevrolet was to hold in trust and deliver to GM Financial.

43. The proceeds from the sale of GM Financial's Financed Inventory comprised a specific, separate, identifiable fund that was the property of GM Financial, to be held in trust by Lyons Chevrolet and ultimately delivered to GM Financial.

44. As reflected above, Lyons Chevrolet failed to deliver the proceeds to GM Financial and instead exercised control and possession of the proceeds of the sale of GM Financial's Financed Inventory, diverting such proceeds to their own use without authorization of GM Financial.

45. Mr. Lyons, as individual guarantor, sole shareholder, and president of Lyons Chevrolet, is responsible for the delivery of the proceeds.

46. Upon information and belief, Mr. Lyons, as sole shareholder and president of Lyons Chevrolet, assumed full control over the property or some portion thereof.

47. Upon information and belief, Mr. Lyons, as sole shareholder and president of Lyons Chevrolet, exercised or directed Lyons Chevrolet to exercise control over the proceeds from the sale of GM Financial's Financed Inventory in defiance of GM Financial's right to the proceeds and is therefore liable in conversion.

48. GM Financial made a demand upon Lyons Chevrolet for the payment of the SOT Amount to no avail. The demand was mailed to the attention of Mr. Lyons.

49. The actions taken by Mr. Lyons personally and/or Lyons Chevrolet under the direction of Mr. Lyons were undertaken for the purpose of causing GM Financial injury and/or with reckless disregard for the property rights of GM Financial, and in fact damaged GM Financial.

50. Mr. Lyons is liable to GM Financial for the Indebtedness, plus interest which continues to accrue on the outstanding principal balance at the Default Rate, plus reasonable attorney's fees and all costs of court and expenses of collection, as the natural and proximate result of his willful and malicious actions and assumption of control of the proceeds from the sale of GM Financial's Financed Inventory.

### VII. COUNT THREE: BREACH OF FIDUCIARY DUTY

51. GM Financial reiterates and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 50 above.

52. Under Section 2.3 of the Guaranty, Mr. Lyons is "personally bound by and obligated under all of the provisions, covenants and waivers provided in the" MLA.

53. As seen above in paragraph 15, Section 6.1 of the MLA creates a trust and fiduciary relationship between Lyons Chevrolet and GM Financial with regard to the proceeds of the sale of any item of Financed Inventory.

54. As individual guarantor, sole shareholder, and president of Lyons Chevrolet, Mr. Lyons is under a duty to segregate and hold the proceeds of the sale of GM Financial's Inventory in trust for GM Financial and to deliver the Amount Financed to GM Financial and/or to ensure that Lyons Chevrolet does the same.

55. Mr. Lyons breached his trust relationship and responsibilities as a fiduciary of GM Financial by failing to segregate and hold the proceeds of the sale of GM Financial's Inventory in trust for GM Financial and to deliver the Amount Financed to GM Financial and/or to ensure that Lyons Chevrolet did the same.

56. GM Financial has been directly damaged as a result of Mr. Lyons' breach of his fiduciary duty to segregate and hold the proceeds of GM Financial's Inventory in trust for GM Financial and to deliver the Amount Financed to GM Financial and/or to ensure that Lyons Chevrolet did the same.

57. Mr. Lyons is liable to GM Financial for the Indebtedness, plus interest which continues to accrue on the outstanding principal balance at the Default Rate, plus reasonable attorney's fees and all costs of court and expenses of collection, as a result of his breach of his fiduciary responsibilities to GM Financial.

## VIII. COUNT FOUR: FRAUD

58. GM Financial reiterates and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 57 above.

2524430.6

59. Prior to the April 2019 inventory audit referenced above in paragraph 17, Lyons Chevrolet provided monthly operating reports with financial information which failed to account for the inventory which had been sold out of trust.

60. Upon information and belief, Mr. Lyons, as sole shareholder and president of Lyons Chevrolet, concealed the sale of the vehicles for which the dealership had not paid the financed amounts and concealed the misappropriation and misuse of the proceeds from the sale of GM Financial's Financed Inventory.

61. Alternatively, upon information and belief, Mr. Lyons, as sole shareholder and president of Lyons Chevrolet, directed Lyons Chevrolet to misrepresent or conceal the vehicles sold out of trust, the dealership's resulting financial condition, and/or the misappropriation and misuse of proceeds from the sale of GM Financial's Financed Inventory.

62. GM Financial reasonably relied upon the representations of Mr. Lyons, as sole shareholder and president of Lyons Chevrolet, that he was conducting his automobile business in accordance with the Loan Documents

63. Based upon the representations of Mr. Lyons, GM Financial continued to provide Lyons Chevrolet financing as set forth in the Loan Documents.

64. GM Financial has been damaged to the extent of the Indebtedness, plus interest which continues to accrue on the outstanding principal balance at the Default Rate, reasonable attorney's fees, and all costs of court and expenses of collection, as a result of Mr. Lyons' fraudulent conduct in concealing and misrepresenting the financial condition of Lyons Chevrolet and the misappropriation and misuse of the proceeds from the sale of GM Financial's Financed Inventory.

65. Mr. Lyons, by virtue of his fraudulent actions, is liable to GM Financial for the Indebtedness, plus interest which continues to accrue on the outstanding principal balance at the Default Rate, reasonable attorney's fees, and all costs of court and expenses of collection.

## IX. RESERVATION OF RIGHTS

66. GM Financial reserves all rights for any and all other causes of action not alleged herein, specifically including all other causes of action that GM Financial may have against Mr. Lyons with regard to his individual role in the cause of the SOT Amount or any other damage caused by Mr. Lyons as the sole shareholder and President of Lyons Chevrolet. GM Financial further reserves all other rights, causes of action and claims it has against all other parties.

## X. PRAYER FOR RELIEF

**WHEREFORE**, AMERICREDIT FINANCIAL SERVICES, INC. D/B/A GM FINANCIAL prays that judgment be rendered in its favor and against the Defendant, Richard K. Lyons as follows:

1. The Defendants be cited to appear and answer;

2. GM Financial be granted judgment against Defendant Mr. Lyons for the Indebtedness, plus interest which continues to accrue on the outstanding principal balance;

3. GM Financial be granted judgment for all costs of court and collection and for reasonable attorney's fees; and

4. GM Financial be granted such other and further relief, special or general, legal or equitable, to which GM Financial may show itself justly entitled.

Respectfully Submitted this 20th day of November, 2019.

*/s/Joseph V. Ronderos*
Joseph V. Ronderos (BPR No. 036179)
**McGlinchey Stafford, PLLC**
424 Church Street, Suite 2000
Nashville, Tennessee 37219
(615) 762-9080 (phone) | (615) 250-9774 (fax)
Email: jronderos@mcglinchey.com

and

Stephen P. Strohschein, LA Bar Roll #12541
**McGlinchey Stafford, PLLC**
301 Main Street, 14th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
Email: sstroh@mcglinchey.com

*Motion for Pro Hac Admission Forthcoming*

ATTORNEYS FOR AMERICREDIT FINANCIAL SERVICES, INC., DOING BUSINESS AS GM FINANCIAL

2524430.6